# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC LOUIS MEYERS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-1701-LPS |
| NATALY ORROSTIETA, | : |
| Defendant. | : |

Eric Louis Meyers, North Wales, Pennsylvania.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 13, 2022
Wilmington, Delaware



STARK, U.S. Circuit Judge:

## I. INTRODUCTION

Plaintiff Eric Louis Meyers ("Plaintiff") filed this diversity action on action December 15, 2020. (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

Plaintiff lives in Pennsylvania and Defendant lives in Delaware. (D.I. 2 at 2) They lived together in Delaware, and Plaintiff left the apartment after ending their relationship. (*Id.* at 4) Plaintiff asked Defendant for two pieces of furniture from the apartment and, on three occasions, Defendant refused Plaintiff. (*Id.*) Defendant is no longer speaking to Plaintiff. (*Id.*)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

## IV. DISCUSSION

The Court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress

pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal district courts have subject matter jurisdiction over two types of cases: diversity jurisdiction cases and cases that raise federal questions. *See Gosch v. International Chptr. Of Horseshoers & Equine Trades*, 200 F. Supp. 3d 484, 489 (M.D. Pa. 2016). The Court has an obligation to satisfy itself that it has subject-matter jurisdiction and may raise the issue *sua sponte*. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77-78 (3d Cir. 2003). A Court may not *sua sponte* dismiss a complaint for lack of subject matter jurisdiction "unless the defect is clearly incurable." *Burns v. Femiani*, 786 F. App'x 375, 379 (3d Cir. 2019).

A federal court has subject matter jurisdiction based on diversity of citizenship when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. The Complaint alleges that Plaintiff is a citizen of Pennsylvania and that Defendant is a citizen of Delaware. It alleges that the amount in controversy is $3,500. In determining the jurisdictional amount, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnification Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Even a liberal construction of the Complaint leads the Court to conclude that Plaintiff has failed to satisfy the jurisdictional amount in controversy. Plaintiff alleges the amount in controversy is $3,500 – a far cry from the required $75,000. The Courts finds it inconceivable that Plaintiff could bridge the gap between the two amounts. The jurisdictional defect is not curable. In addition, it is clear from the allegations that the Complaint does not raise a federal question. Therefore, the Complaint will be dismissed for lack of subject matter jurisdiction.

### V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint for lack of jurisdiction. Amendment is futile. An appropriate Order will be entered.